UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EDDIE MARLOW,

        Plaintiff,

v.                                      Case No. 19-C-1276

MILWAUKEE COUNTY JAIL,

        Defendant.

## SCREENING ORDER

Plaintiff, an inmate at Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2) and was assessed an initial partial filing fee of $16.89, but informed the court that he cannot pay the filing fee until he is released. Plaintiff lacks the funds to pay the partial filing fee. Therefore, the court waives the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff claims that an inmate kicked him in the face while he was handcuffed to a bench during his booking at Milwaukee County Jail. The alleged kick occurred when one of the officers walked away from the inmate. When Plaintiff asked for medical assistance, one of the officers said "welcome" to county jail, instead of providing assistance. Plaintiff claims he suffered a swelled lip

and a bump on the back of his head from his head hitting the wall. He has also suffered mental distress, including bad dreams of being kicked in the face. According to Plaintiff, the police took photos of his injuries and asked if he would like to press charges on the inmate.

**THE COURT'S ANALYSIS**

Plaintiff names Milwaukee County Jail as the only defendant in his lawsuit. Milwaukee County Jail is not a suable entity under 42 U.S.C. § 1983. *Dawson v. Milwaukee Cty.*, No. 15-CV-76, 2015 WL 13228062, at *2 (E.D. Wis. Nov. 20, 2015); *Omegbu v. Milwaukee Cty.*, 326 F. App'x 940, 942 (7th Cir. 2009); *Buchanan v. City of Kenosha*, 57 F. Supp. 2d 675, 679 (E.D. Wis. 1999). "[T]he doctrine of respondeat superior is not available to a plaintiff in a section 1983 suit." *W. By & Through Norris v. Waymire*, 114 F.3d 646, 649 (7th Cir. 1997); *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). A governmental entity is liable under § 1983 only when its "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell*, 436 U.S. at 694.

Even if Plaintiff named the police officer described in his complaint as a defendant, Plaintiff's allegations against him would not support an Eighth Amendment claim for deliberate indifference to either a substantial risk of harm or to a serious medical need. Because there is no allegation that the officer had any reason to believe Plaintiff would be attacked in the brief period of time he left him in the booking area, there is no basis for concluding the officer was deliberately indifferent to a risk of harm. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to

inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). Since Plaintiff appears to have been a pretrial detainee at the time of the incident, the Fifth Amendment, as opposed to the Eighth Amendment likely applies. But the result is the same. *Vince v. Rock County*, 410 Fed. Appx. 970, 971 (7th Cir. Nov. 18, 2010) ("*Farmer* concerned the eighth amendment; Vince does not contend that the fifth amendment, which applies to pretrial detainees, *see Bell v. Wolfish*, 441 U.S. 520 (1979), employs a different standard.").

Any claim of deliberate indifference to Plaintiff's medical needs likewise fails. Establishing a claim of deliberate indifference to a serious medical need requires allegations of (1) an objectively serious medical condition and (2) an official's deliberate, i.e. subjective, indifference to that condition. *See Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). The medical condition must be objectively and subjectively serious. *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). "A medical need is considered sufficiently serious if the inmate's condition 'has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Id.* (citing *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)).

Notably, not all physical injuries amount to an objectively serious medical condition. The Seventh Circuit has found that a "split lip and swollen cheek" are not sufficiently serious. *See Pinkston v. Madry*, 440 F.3d 879, 891 (7th Cir. 2006). Likewise, a "one-inch laceration to an arrestee's temple, that was neither deep enough or long enough to require stitches, and a scraped elbow did not require prompt medical attention under the Eighth Amendment." *Id.* (citing *Davis v. Jones*, 936 F.2d 971, 972–73 (7th Cir. 1991)). Plaintiff's allegations that he suffered a "swelled lip" and a "bump" to the head are not facts that suggest a medical condition so severe that prompt

treatment was necessary or obvious. If Plaintiff's condition was not a serious medical condition, then the officer's failure to obtain medical care could not constitute the kind of deliberate indifference needed to give rise to a constitutional violation.

As such, this plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 6) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined and emailed to DLSFedOrdersEastCL@doj.state.wi.us. A copy of this order should also be sent to the Milwaukee County Sheriff and to Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53202.

Dated at Green Bay, Wisconsin this  5th  day of November, 2019.

>s/William C. Griesbach
>William C. Griesbach, District Judge
>United States District Court

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.